IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TIMOTHY S. FLEMING                                                                    PLAINTIFF

vs.                                      Civil No. 2:13-cv-02120

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss. ECF No. 15. With this Motion, Defendant requests the Court dismiss Plaintiff's case as moot because Plaintiff has been adjudicated to be disabled based upon another application he filed. *Id.* On March 28, 2014, Plaintiff responded to this Motion. ECF No. 16. In this response, Plaintiff does not object to this dismissal as long as the Court "stipulate[s] [in its Order] that Plaintiff ultimately prevailed and also provide[s] that Plaintiff is not prejudiced to filing thereafter for attorney's fees" under the Equal Access to Justice Act ("EAJA"). *Id.*

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, this Court enters this Memorandum Opinion.

1. **Background**[1]

On February 2, 2009, Plaintiff filed his first set of disability applications. Those applications were denied. After Plaintiff sought administrative review, he appealed to this Court. On January

---

[1] The "Background" is taken from the docket and the briefing in this matter.

1

12, 2012, Plaintiff's case– reviewing his first applications for disability– was reversed and remanded for further administrative review. *See Fleming v. Astrue,* Civ. No. 11-2155 (W.D. Ark. 2012).

In the interim, in 2010, Plaintiff filed a second set of disability applications. On December 28, 2011, those applications were denied by an Administrative Law Judge ("ALJ"). Plaintiff then appealed that denial to this Court. The second set of applications are now before this Court as a part of the present appeal. The present appeal was filed on May 3, 2013. ECF No. 1.

After the 2012 remand, Plaintiff's first set of disability applications began proceeding again through administrative review. Then, on February 21, 2014, the ALJ issued a fully favorable decision as to Plaintiff's *first* and *second* set of applications. Notably, the ALJ stated this fully favorable decision "applies to both claims." Because this decision applies to both sets of Plaintiff's disability applications, Defendant seeks to dismiss this action because Plaintiff's case is now moot. ECF No. 16.

**2.    Applicable Law**

Federal courts are granted jurisdiction pursuant to Article III of the United States Constitution for actual cases and controversies. U.S. Const., art. III, § 2. *See Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990) (holding under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies). Further, simply because a genuine fact dispute existed at the time the complaint was filed is not sufficient to sustain jurisdiction if the dispute resolves itself after the complaint is filed. *Id.* at 477-8.

**3.    Discussion**

Defendant claims this case should be denied as moot. ECF No. 15. Plaintiff does not object to this dismissal but does request the Court "stipulate that Plaintiff ultimately prevailed and also provide that Plaintiff is not prejudiced to filing thereafter for attorney's fees" under EAJA. ECF No.

16. Notably, under EAJA, a "prevailing party" is entitled to "fees and other expenses." 28 U.S.C § 2412(d)(1)(A).

**4.    Conclusion**

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 15) and dismisses Plaintiff's case as moot.

Further, because this case only became moot after the SSA made a fully favorable decision nearly a year after this case was filed and after Plaintiff prepared the entire appeal in this matter (including the briefing), the Court also finds Plaintiff is the "prevailing party" and is entitled to an award of attorney's fees and other expenses under EAJA.

**ENTERED this 10th day of April 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE